# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| NORMAN PARADA,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, FCC-LOMPOC LOW II,<br><br>  Respondent. | No. 2:24-cv-02718-JAK (BFM)<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

  Pursuant to 28 U.S.C. § 636, a review has been made of the Petition and First Amended Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and Defendant's Response to Petitioner's Objections. A de novo review has been conducted of those portions of the Report and Recommendation to which objections have been made. Based on those reviews, the recommendations of the Magistrate Judge are accepted.

  In his Objections, Petitioner requests leave to amend his Petition to add a new claim. (Dkt. 39 at 8–10.) That request is granted. Leave to amend should be "freely granted when justice so requires." Fed. R. Civ. P. 15. That policy is to be applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Discretion is exercised in favor of an amendment by Petitioner.

Petitioner moved to amend his Petition in his Objections. This was in response to the Magistrate Judge stating that the argument concerning supervised release was a separate claim and was not subsumed within the relief sought in the Petition. He has had prior opportunities to amend his Petition, but the First Amended Petition was submitted after counsel was appointed to represent Petitioner who was previously a self-represented litigant. The request for further leave to amend was effective, in that the BOP decided the issue to which the proposed new claim was directed. Failure to exhaust provides no reason to deny leave to amend. Respondent may raise issues as to exhaustion in response to any amended petition, but it is not mandatory in this context. The purely legal question for which leave to amend is requested is not one where judicial review will benefit significantly from prior agency review. Finally, although granting leave to amend would cause some delay in adjudicating the case, that alone, is not an appropriate reason to deny leave to amend. *Id.* at 712–13. For these reasons, through the exercise of discretion leave to amend is granted.

**ACCORDINGLY, IT IS ORDERED:**

1. The Report and Recommendation is accepted.
2. The Motion for Preliminary Injunction (Dkt. 20) is denied.
3. The Motion for Leave to Amend the Petition filed at Dkt. 33 is denied.
4. The Petition and First Amended Petition (Dkts. 1, 29) are denied as moot.
5. Petitioner's request for leave to amend (Dkt. 39 at 8) is granted. Within 30 days after the issuance of this Order, Petitioner may file an amended petition based on the statements made in his Objections.
6. The Court Clerk shall serve this Order on all counsel or parties of record.

DATED: June 20, 2025

_____
John A. Kronstadt
United States District Judge

2